## Lanin v. Salford Building and Loan Association.

*Isaac S. Grossman*, for plaintiff; *William Kendall*, for defendant.

SMITH, P. J., June 25, 1931.—The plaintiff filed a bill in equity, saying that he is the owner of ten shares of stock in the Glad Hand Building and Loan

Association upon which he had paid $600 up to and including January 1, 1931; that on January 14, 1931, the Glad Hand Building and Loan Association merged with two other building and loan associations, the merged corporation being now known as the Salford Building and Loan Association; that the plaintiff did not consent to this merger, and on February 17, 1931, in this bill in equity has demanded payment of his stock as of January 14, 1931, the date that the merger became effective, averring that the defendant has failed to pay the same; that on the date of the merger the value of the plaintiff's stock was in excess of the amount of dues paid in by him; and plaintiff asks for relief, that the merger of the building and loan associations be declared illegal or that the Salford Building and Loan Association pay to the plaintiff the full value of his stock as of the date the merger became effective.

To this bill in equity the defendant filed preliminary objections, to the effect that the averments in the bill were tantamount to conclusions which are questions for the law side of the court; that the averments are vague and irrelevant, in that the plaintiff has failed to aver that he was present at the stockholders' meeting and voted against the merger; that the plaintiff failed to set forth the specific value of the stock and how the valuation of the stock was determined; that the plaintiff failed to institute his action within thirty days after the merger, as required by law; that there is an adequate remedy at law; and prays that the matter be certified to the law side of the court under the Act of June 7, 1907, P. L. 440, and Rule 49 of the Rules of Equity Practice, so that the issue may be there determined.

The merger of the Glad Hand Building and Loan Association with the other two building and loan associations was approved by the Governor of the Commonwealth on December 12, 1930, and is regular on its face.

The plaintiff did not appear at the meeting of the stockholders of the Glad Hand Building and Loan Association, called for the purpose by proper advertisement, and did not agree to the merger.

A consideration of the Act of May 29, 1901, P. L. 349, shows that it can be invoked only by those stockholders of a corporation who were present and voted against the merger. In the case at bar, the plaintiff was not present at the meeting of stockholders called for the purpose of voting on the proposed merger, and no proxy had been given to anyone to register his dissatisfaction. The Act of May 3, 1909, P. L. 408, section 5, contains the same provisions as the Act of 1901 for the stockholder who was present and voted against the merger. Neither of these acts contemplates the rights of a stockholder who failed to note his dissatisfaction with the merger. Therefore, the plaintiff is not bound by the provisions of these acts. In the case of Lauman v. Lebanon Valley R. R. Co., 30 Pa. 42, Lowrie, J., said (page 48):

"The contract of consolidation is an act of dissolution in form and substance of the Lebanon company, and the corporation cannot, in the act of dissolution, dispose of the rights of its members. The act of dissolution, like the act of association, is not a corporate act, but an act of the members of the corporation. They may commit to their officers the business of effecting it in all its details, but they are not required to do so by the terms of their association, and in effecting such a purpose the officers would be rather trustees of the members than corporate functionaries. Then it follows, quite obviously, that no corporate act can settle the terms of dissolution, or distribute the effects among the members, and that this company cannot decide what the plaintiff shall take for his interest.

"The act of dissolution works a change in the form of the interests of its members, by destroying the stock, and substituting the thing which the stock

represented, that is, a legal interest in the property, and leaves the members to such a division of this. But this property is indivisible, and therefore we see no objection to the act of the legislature so far as it allows the majority to dispose of it in the way proposed, except that, under the constitution, they cannot be allowed to divest or embarrass the plaintiff's interest therein without first giving security therefor. The act of transfer and dissolution is one. If carried into effect, it destroys his stock."

In Pottsville Bank *v.* Minersville Water Co., 211 Pa. 566, Mr. Justice Elkin said (page 571):

"These authorities indicate that the rules of law applied by the courts to acts done by directors or officers of corporations relating to the dissolution thereof are the equitable principles governing trustees or others acting in a fiduciary capacity. Our courts have long recognized this principle in dealing with partners."

The rights of the plaintiff not being controlled by the Acts of 1901 and 1909, he is not compelled to abide by the restrictions of procedure therein contained. There is apparent no objection to the merger or consolidation of the various building and loan associations, but the plaintiff has not lost his right as a stockholders of the association of which he was a member to have the actual value of his stock fixed at the time of the merger to which he has not assented. A consideration of a building and loan association as a legal entity shows that it has the rights, powers and limitations of a corporation, but that the shareholders thereof in their relationship each to the other are bound by the ties of a partnership.

The merger or consolidation of the building and loan association, therefore, as to this plaintiff, amounts to a dissolution of the association that has lost its legal title by merging with another association under a different name. With such dissolution, the rights of non-assenting stockholders of a corporation become fixed as to the corporation itself, and also to some degree as to the shareholders of the Salford Building and Loan Association with which it became merged.

By the merger, all the rights and obligations of the merging corporation, with the resolutions of its stockholders, became the property and obligations of those shareholders of the Salford Building and Loan Association who had been partners in the Glad Hand Building and Loan Association, and the Salford Building and Loan Association in so far as it is financially affected by the contribution of the Glad Hand Building and Loan Association to the merger.

The real problem here is what may be his right for the payment of the value of his stock with regard to the rights of his former partners of the dissolved association?

Vol. 8 Thompson on Corporation, third edition, § 5970, says, that while under a reorganization agreement and arrangement, the property, assets and franchises of the old corporation, as well as its rights and liabilities, may be transferred to the new organization, yet the old for certain purposes may continue to have a legal existence.

The Act of April 29, 1874, P. L. 73, makes provision for a withdrawing stockholder from a building and loan association. The dissolution of the association by a merger obviates the necessity for the notice of withdrawal contemplated by the act. It must be manifest that in equity it would be unfair to permit this plaintiff to be paid what he claims is the value of his stock, as against the other stockholders who went with the merger, without first having had determined what was the financial status of the Glad Hand Building and

Loan Association before the merger, and the value of his stock in that association at that time. If the building and loan association were a corporation with none of the attributes of a partnership relation between the shareholders, the problem would not be difficult. But the partnership relation between the shareholders cannot be ignored. The partner who stands idly by with notice of a proposed merger cannot, as against his fellow shareholders, claim any higher rights than a stockholder who makes a proper demand for the withdrawal value of his stock from his building and loan association. Under the provisions of the Act of 1874, this right to withdraw at the time of the merger becomes fixed and determined, but he is bound to a procedure against the Salford Building and Loan Association, the holder of the property of the Glad Hand Building and Loan Association, in which the plaintiff had an interest at the time of merger, for collection of his withdrawal value, the same as any withdrawing shareholder of a building and loan association.

### Decree nisi.

And now, to wit, June 25, 1931, the preliminary objections to the bill in equity, in so far as they object to the right of the plaintiff to proceed in equity for the withdrawal value of his stock in the Glad Hand Building and Loan Association, are sustained and the matter is certified to the law side of the court so that the plaintiff may there institute such action.

Costs to be paid by the plaintiff.